UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE GARRISON,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 17-cv-05043-YGR (PR)<br><br>**ORDER DENYING REQUEST TO REOPEN THE ACTION; AND TERMINATING PLAINTIFF'S REMAINING REQUESTS AS MOOT** |

This closed action had originally been reassigned from Magistrate Judge Laurel Beeler to the undersigned judge in light of a recent Ninth Circuit decision.[1]

Plaintiff, a frequent filer in this Court, filed this *pro se* prisoner's civil rights action on August 30, 2017. Dkt. 1.

On September 29, 2017, Magistrate Judge Beeler pointed out that the jail's online inmate finder indicated that Plaintiff was no longer in custody, and she issued an order directing Plaintiff to "provide a current address at which mail may be sent to him." Dkt. 6 at 1-2. Magistrate Judge Beeler also pointed out that Plaintiff "has filed several actions while in jail or prison, only to not follow through once he is released from custody—usually by failing to keep the court informed of his current address or otherwise failing to prosecute the action." *Id.* at 1. Magistrate Judge Beeler further states as follows:

> At least nine actions filed by Mr. Garrison have been dismissed because he failed to keep the court informed of his current address, failed to file an *in forma pauperis* application, or failed to prosecute. *See, e.g.*, *Garrison v. San Quentin State Prison*, No. 13-cv-151 EJD; *Garrison v. State of California*, No. 13-cv-2176; *Garrison v. California State Bar*, No. 14-cv-2940 YGR; *Garrison v. Brown*, No. 15-cv-977 LB.

*Id.* In the instant action, Magistrate Judge Beeler directed Plaintiff to provide a current address no later than October 12, 2017. *Id.* at 2.

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

1   On October 18, 2017, Magistrate Judge Beeler's September 29, 2017 Order was returned to the Clerk of the Court with the following notations: "RETURN TO SENDER. UNCLAIMED. UNABLE TO FORWARD." Dkt. 7.

On November 8, 2017, the Court received a letter from the Santa Clara County Office of the Sheriff indicating that Plaintiff was "no longer in [their] custody at Santa Clara County Department of Corrections as of 09/05/17." Dkt. 9 at 1.

On November 13, 2017, another piece of mail directed to Plaintiff by the Court was again returned to the Clerk with the following two notations: "NOT IN CUSTODY" and "RETURN TO SENDER. VACANT. UNABLE TO FORWARD." Dkt. 10.

Plaintiff did not provide any new address in the next two months.

As explained above, this action was reassigned to the undersigned on January 4, 2018, after the Ninth Circuit issued *Williams*, which held that all named parties, including unserved defendants, must consent before a magistrate judge has jurisdiction under 28 U.S.C. § 636(c)(1) to hear and decide a case. *See* 875 F.3d at 503.

On January 24, 2018, the Court dismissed the action because Plaintiff had not kept the Court informed of his current address pursuant to Northern District Local Rule 3-11, which states a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. Dkt. 25.

Thereafter, Plaintiff filed two different documents. Dkts. 16, 17.

The first document, which is mostly unintelligible, was filed on January 25, 2018 and entitled, "(Motion to Hold the Defendants to a 22 U.S.C. [§] 7102—Fed. Human Traffic[k]ing—With Regards to a Violation of the U.S. S. Ct. Ruling of *Cunningham v. Cal.* (2007) 127 S. Ct. 856, 549 U.S. 270, and Embezzlement of the Rehab. Act of 1973 Fund) Also Motion to Amend, Per et al." Dkt. 16. Because the case had already been closed and the document failed to include any indication that Plaintiff wished to reopen or ask for reconsideration of the Court's dismissal, the Clerk terminated the aforementioned motion as moot.

The second document, filed on February 9, 2018, is entitled, "Motion to Hold a Hearing on the Merits of the Dismissal of Case Without a Summons by Judge Rogers[,] and Request to

Amend[,] to Add, or to Reclassify as a Class Action, [and] to Add Marty Estrada as Co-Plaintiff." Dkt. 17. In that document, Plaintiff clearly seems to take issue with the Court's dismissal of this action. Therefore, the Court will construe it as a motion for this action to be reopened.

After reviewing the record, the Court concludes that Plaintiff's motion for this action to be reopened should be DENIED. First, Plaintiff failed to keep the Court apprised of his current address in this action. He waited many months (i.e., from at least September 2017 until January 2018) before filing the first document and informing the Court of his address. Plaintiff failed to comply with Local Rule 3-11(a) which requires that a party proceeding *pro se* must "promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address" when his address changes. *See* L.R. 3-11(a). As explained above, this is not the first time that Plaintiff's action has been dismissed because he failed to keep the Court informed of his current address. In any event, the Court notes that the dismissal of this action was without prejudice. Therefore, Plaintiff may file a new action to assert his claims. In his complaint in such a new action, he must take care to write a full statement of his claims and, if he refers to any attachments, must be sure those documents are attached to the complaint.

For the reasons outlined above, Plaintiff's pending motion, which has been construed as a request to reopen this action, is DENIED. Dkt. 17. Because this case remains closed, all Plaintiff's remaining requests in his pending motion are TERMINATED as moot.

This Order terminates Docket No. 17.

IT IS SO ORDERED.

Dated: August 17, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge